Colonel John R. Bailey, Director Arkansas State Police Post Office Box 5901 Little Rock, Arkansas 72215
Dear Colonel Bailey:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision to withhold certain documents from public inspection is consistent with the Arkansas Freedom of Information Act, A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Cum. Supp. 1993) (the "Act"). You specifically ask whether A.C.A. §25-19-105(c)(1) requires the Arkansas State Police to make available for inspection and copying certain "personnel records, specifically documents of an employee evaluation or job performance record, which do not form a basis for a decision to terminate or suspend the employee." You state that the records at issue concern complaints filed against a trooper which were not substantiated by investigation and which did not lead to termination or suspension of the trooper.
It is my opinion that employee evaluation or job performance records that do not form a basis for a decision to suspend or terminate the employee to which they relate may not be released for public inspection. A.C.A. §25-19-105(c)(1).
Because you have not included with your request any of the records at issue, it is impossible for me to determine conclusively whether your withholding of any particular record at issue is consistent with the Act. The following explanation of the law and previous opinions interpreting A.C.A. § 25-19-105(c)(1) may, however, be helpful to you in assessing each record's status under that section.
Arkansas Code Annotated § 25-19-105(c)(1) applies only to "employee evaluation or job performance" records, including "preliminary notes and other materials." This office has opined that such records are those that "detail the performance or lack of performance of an employee within the scope of his employment regarding a specific incident or incidents."See, e.g., Ops. Att'y Gen. 95-171, 94-391. Opinions of this office have indicated that the following types of documents, among others, that may or may not be similar to the records at issue, are employee evaluation or job performance records for purposes of A.C.A. § 25-19-105(c)(1): records of investigations into alleged employee misconduct and records detailing the disposition of disciplinary action (Op. Att'y Gen. 94-127); statements of fellow employees relating to an employee's alleged misconduct (Op. Att'y Gen. 94-119); complaint forms (Op. Att'y Gen.93-420); and records containing allegations of misconduct (Op. Att'y Gen. 93-356).
If a particular record is, in fact, an employee evaluation or job performance record, it may not be released (except to the person about whom it is maintained or his designated representative-see A.C.A. §25-19-105(c)(2)) unless the record formed a basis of a decision to suspend or terminate the employee, there has been a final administrative resolution of the suspension or termination proceeding, and there is a compelling public interest in the record's disclosure. A.C.A. §25-19-105(c)(1). All of these conditions must be met in order for the record to be subject to public inspection and copying.
Whether a record formed a basis of a decision to suspend or terminate an employee is essentially a factual determination. If, as you have concluded, however, the records at issue are employee evaluation or job performance records that did not form a basis of a decision to suspend or terminate the trooper, they are not subject to public inspection and copying.
It should be noted, finally, that any record in the trooper's personnel file that is determined not to be an employee evaluation or job performance record likely will be a "personnel record," which is subject to public inspection and copying unless its disclosure would constitute a clearly unwarranted invasion of personal privacy. A.C.A. §25-19-105(b)(10).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh